# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JEFFREY TYRONE FOSTER,
    Appellant,

DOCKET NUMBER
NY-1221-13-0057-W-2

v.

DEPARTMENT OF JUSTICE,
    Agency.

DATE: March 16, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Jeffrey Tyrone Foster, Alexandria, Virginia, pro se.

John T. LeMaster, Esquire, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which denied his request for corrective action in this individual right of action (IRA) appeal. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review.  Except as expressly MODIFIED by this Final Order to find that the appellant proved that his protected disclosure was a contributing factor in the personnel actions at issue and to address the appellant's arguments concerning whether the agency proved by clear and convincing evidence that it would have rated his performance as excellent in the absence of his disclosure, we AFFIRM the initial decision.

## BACKGROUND

¶2      The appellant was employed as an Associate Warden at the agency's Metropolitan Detention Center (MDC) in Guaynabo, Puerto Rico, until he was promoted to another position, effective September 25, 2011.  MSPB Docket No. NY-1221-13-0057-W-1, Initial Appeal File (W-1 IAF), Tab 6 at 4.  He filed an appeal with the Board alleging that, on March 28, 2011, his supervisor changed his collateral job duties and on October 7, 2011, his supervisor rated his performance as excellent instead of outstanding on his performance evaluation in retaliation for his protected disclosures.  W-1 IAF, Tab 1 at 5, 7.  In particular, the appellant alleged that he made the following disclosures:  (1) on February 28, 2011, he disclosed to his supervisor that, during a meeting earlier that day, a coworker had violated the agency's standards regarding the use of profanity; and (2) on June 27, 2011, he disclosed to the Acting Director, Bureau of Prisons, that

his supervisor failed to properly report the February 28, 2011 incident to the Office of Internal Affairs (OIA) in accordance with agency standards. *Id.* at 7.

¶3 After holding a hearing, the administrative judge issued an initial decision finding that the appellant had established by a preponderance of the evidence that his February 28, 2011 disclosure was protected under 5 U.S.C. § 2302(b)(8), but his June 27, 2011 disclosure was not protected, and the agency had proven by clear and convincing evidence that it would have changed his collateral duties and rated his performance as excellent in the absence of his February 28, 2011 disclosure. MSPB Docket No. NY-1221-13-0057-W-2, Appeal File (W-2 AF), Tab 55, Initial Decision (ID) at 9-10.

¶4 The appellant has filed a petition for review of the initial decision arguing that the administrative judge incorrectly found that the agency met its burden of proving by clear and convincing evidence that it would have rated his performance as excellent instead of outstanding in the absence of his disclosure. Petition for Review (PFR) File, Tab 1 at 5. The appellant also argues that his supervisor and agency counsel made false statements and committed perjury during the hearing and the agency is harassing and retaliating against him by permitting agency counsel to continue handling his case despite agency counsel's alleged misconduct during the hearing. PFR File, Tab 1 at 4-5, Tab 4 at 5, 7. The agency has filed a response in opposition to the appellant's petition. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5 To prevail on a claim under the Whistleblower Protection Act of 1989 (WPA),[2] an appellant must prove by preponderant evidence that he made a protected disclosure and that such disclosure was a contributing factor in an

---

[2] All of the relevant events occurred prior to the December 27, 2012 effective date of the Whistleblower Protection Enhancement Act of 2012, Pub. L. No. 112–199, 126 Stat. 1465.

agency personnel action; if so, the Board must order corrective action unless the agency established by clear and convincing evidence that it would have taken the same personnel action in the absence of the disclosure. *Chavez v. Department of Veterans Affairs*, 120 M.S.P.R. 285, ¶ 17 (2013).

¶6        The administrative judge found that the appellant's February 28, 2011 disclosure to his supervisor concerning his coworker's statement, "[y]ou do not give a shit about me," W-1 IAF, Tab 12 at 14, disclosed a matter that a reasonable person in his position would have believed evidenced a violation of the agency's standards regarding the use of profanity.  ID at 9-10; W-1 IAF, Tab 43 at 34.  The administrative judge further found that the appellant's June 27, 2011 disclosure to the Acting Director, Bureau of Prisons, that his supervisor failed to report the February 28, 2011 incident was not a protected disclosure.  ID at 9.  Specifically, she found that the appellant did not have a reasonable belief that his supervisor's failure to report the incident to OIA was a violation of agency standards because the incident was not severe enough under the standards to require immediate reporting.  ID at 9; W-1 IAF, Tab 43 at 15-18.  The appellant does not challenge these findings on review, and we discern no reason to disturb them.

The appellant has proven that his protected disclosure was a contributing factor in the agency's actions by satisfying the knowledge/timing test.

¶7        To prevail in his reprisal claim, the appellant must prove by preponderant evidence that his protected disclosure was a contributing factor in a personnel action.  *Wadhwa v. Department of Veterans Affairs*, 110 M.S.P.R. 615, ¶ 12, *aff'd*, 353 F. App'x 435 (Fed. Cir. 2009).  One way to establish this criterion is the knowledge/timing test, under which an employee submits evidence showing that the official taking the personnel action knew of the disclosure and that the personnel action occurred within a period of time such that a reasonable person could conclude that the disclosure was a contributing factor in the personnel action.  *Id.*  Once the knowledge/timing test has been met, an administrative judge must find that the appellant has shown that his whistleblowing was a contributing

factor in the personnel action at issue, even if after a complete analysis of all the evidence a reasonable factfinder could not conclude that the appellant's whistleblowing was a contributing factor. *Carey v. Department of Veterans Affairs*, 93 M.S.P.R. 676, ¶ 13 (2003).

¶8    Although the administrative judge cited to the knowledge/timing test in the initial decision, she did not apply it. ID at 3. Thus, we apply it now. The record reflects that the appellant's supervisor was aware of the appellant's February 28, 2011 protected disclosure, which was made directly to him. W-2 AF, Tab 51, Hearing Compact Disc (HCD) at 1:19-1:20; W-1 IAF, Tab 12 at 14. One month later, the appellant's supervisor issued a March 28, 2011 memorandum changing the appellant's collateral job duties,[3] and 7 months later, the appellant's supervisor rated his performance as excellent on his performance evaluation.[4] W-1 IAF, Tab 1 at 12-23, Tab 14 at 5. The Board has held that a personnel action that occurred within 1 year of a protected disclosure satisfies the "timing" component of the knowledge/timing test. *See Gonzalez v. Department of Transportation*, 109 M.S.P.R. 250, ¶ 20 (2008). Accordingly, we modify the initial decision to find that the appellant has proven that his protected disclosure was a contributing factor in the agency's decision to change his collateral job duties and rate his performance as excellent on his performance evaluation because he has satisfied the knowledge/timing test.

---

[3] A change in duties is a personnel action under the WPA. *See Johnston v. Merit Systems Protection Board*, 518 F.3d 905, 912 (Fed. Cir. 2008).

[4] A performance evaluation is a personnel action under the WPA. *See Mason v. Department of Homeland Security*, 116 M.S.P.R. 135, ¶ 28 (2011).

<u>The administrative judge properly determined that the agency proved by clear and convincing evidence that it would have rated the appellant's performance as excellent in the absence of his protected disclosure.[5]</u>

¶9    In determining whether an agency has shown by clear and convincing evidence that it would have taken the same personnel action in the absence of the protected disclosure, the Board generally considers the strength of the agency's evidence in support of its action, the existence and strength of any motive to retaliate on the part of the agency officials who were involved in the decision, and any evidence that the agency takes similar actions against employees who are not whistleblowers but who are otherwise similarly situated. *Carr v. Social Security Administration*, 185 F.3d 1318, 1323 (Fed. Cir. 1999). The Board does not view the *Carr* factors as discrete elements, each of which the agency must prove by clear and convincing evidence, but will weigh the factors together to determine whether the evidence is clear and convincing as a whole. *McCarthy v. International Boundary & Water Commission*, 116 M.S.P.R. 594, ¶ 44 (2011), *aff'd*, 497 F. App'x 4 (Fed. Cir. 2012).

¶10    Applying the *Carr* factors, the administrative judge found that the appellant's supervisor testified that he rated the appellant's performance as excellent instead of outstanding because he had to remind the appellant about such matters as cleaning supplies and minutes of meetings regarding workers' compensation. ID at 10. The administrative judge also examined the record for any evidence tending to show that the performance rating was retaliatory, but found none. To the contrary, the administrative judge found that the appellant's supervisor's actions in issuing the appellant a $500 award and arranging a farewell event for him just prior to rating him excellent as well as wishing him

---

[5] The administrative judge also found that the agency proved by clear and convincing evidence that it would have changed the appellant's collateral job duties absent his protected disclosure because the record reflected that collateral duties were routinely rotated throughout the MDC. ID at 10. The appellant does not challenge this finding on review, and we discern to reason to disturb it.

good luck in his new position on his performance evaluation were not indicative of retaliation. *Id.*

¶11 Based on our supplemental analysis below, we discern no error in the administrative judge's ultimate conclusion that the agency proved by clear and convincing evidence that it would have rated the appellant's performance as excellent absent his protected disclosure.

¶12 On review, the appellant disputes his supervisor's testimony that he had to follow up with the appellant regarding workers' compensation meetings and to ensure that supplies were purchased. PFR File, Tab 4 at 6. We acknowledge that the appellant testified that his supervisor did not have to remind him about such duties, HCD at 10:20-10:21; however, we find that the administrative judge implicitly credited his supervisor's testimony to the contrary, ID at 10. Moreover, we find that the appellant's supervisor's testimony is consistent with his comments on the performance evaluation itself and with his prior sworn statement submitted in response to the appellant's complaint of discrimination regarding the same performance evaluation. W-1 IAF, Tab 1 at 15, Tab 10 at 5-6.

¶13 The appellant also argues that his supervisor testified that he never reminded the appellant orally or in writing about such matters as cleaning supplies and minutes of workers' compensation meetings. PFR File, Tab 1 at 5. We disagree. Our review of the record indicates that the administrative judge properly found that the appellant's supervisor testified that he had to remind the appellant to provide minutes for the workers' compensation meetings and to have the safety department purchase supplies. HCD at 1:36-1:38.

¶14 We have, moreover, reviewed the entire record and find that it supports the administrative judge's finding that the agency proved by clear and convincing evidence that it would have rated the appellant's performance as excellent absent his protected disclosure. In addition to the reason cited by the administrative judge, the appellant's supervisor testified regarding additional reasons why he rated the appellant's performance as excellent instead of outstanding. For

example, he testified that the appellant was assigned to oversee the staff mentor program, but failed to develop the program or volunteer to teach any classes. HCD at 1:39-1:42. Instead, the appellant's supervisor developed the program and instructed the appellant that he needed to teach a class. *Id.* The appellant's supervisor further testified that, although the appellant did teach a class as instructed, he did not develop the materials for the class, but rather had his secretary prepare the slides. *Id.* In addition, the appellant's supervisor testified that the appellant failed to properly proofread a letter accompanying a report to the Occupational Safety and Health Administration responding to a complaint filed against the MDC and that the letter had to be corrected several times. HCD at 1:38-1:40. Such testimony is consistent with the appellant's supervisor's prior sworn statements made in the appellant's equal employment opportunity discrimination case. W-1 IAF, Tab 10 at 6. The appellant did not dispute any of this testimony. HCD at 10:18-10:22. Thus, we find that the agency has presented strong evidence supporting its rating the appellant's performance as excellent instead of outstanding.

¶15 The administrative judge, in her initial decision, failed to address the second *Carr* factor: the existence and strength of any motive to retaliate on the part of the agency officials who were involved in the decision. Addressing it now, we find that the appellant's supervisor had a slight motive to retaliate against the appellant. The appellant's supervisor was not the subject of the appellant's February 28, 2011 protected disclosure, which concerned his coworker's alleged violation of agency standards regarding the use of profanity. However, in June 2011, the appellant reported his supervisor's alleged failure to refer the incident to OIA. The appellant's supervisor testified that it did not bother him that the appellant reported the incident to the Acting Director, it did not upset him to refer the incident to OIA, and his delay in referring the incident to OIA did not have any impact on the supervisor's career or his evaluation of the appellant. HCD at 1:28-1:30. Thus, we find that, to the extent

that the appellant's June 2011 disclosure created a retaliatory motive for his supervisor, that motive was slight. As a result, we find that the appellant's supervisor lacked a strong retaliatory motive, and the agency had a strong basis for rating the appellant's performance as excellent.

¶16 Regarding the third *Carr* factor, although the appellant contends that another similarly situated associate warden's performance was rated as outstanding, we find that the agency presented strong evidence supporting its rating of the appellant's performance as excellent instead of outstanding. Thus, consideration of this factor does not materially assist the Board in deciding whether the agency has met its burden of proof.

¶17 Weighing the three *Carr* factors together, we conclude that the agency established by clear and convincing evidence that it would have rated the appellant's performance as excellent absent his protected disclosure.

The appellant's additional arguments do not provide a basis to disturb the initial decision.

¶18 The appellant also reiterates his arguments below that agency counsel made false statements during the hearing by referring to the appellant's supervisor as a doctor and that his supervisor committed perjury by failing to correct agency counsel on this point. PFR File, Tab 1 at 4-5. He also asserts that the agency is harassing and retaliating against him by permitting agency counsel to continue handling his case despite his having engaged in the alleged misconduct. PFR File, Tab 4 at 7. We find such arguments are not material to the outcome of the case and do not provide a basis for reversing the initial decision. *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980). In any event, we find that agency counsel's reference to the appellant's supervisor as a doctor was not incorrect or misleading because the record reflects that the appellant's supervisor testified that he has a medical degree. HCD at 1:47-1:50. In addition, the appellant has offered no evidence to suggest that agency counsel is harassing him,

and we find nothing improper with the agency maintaining the same representative before the Board on petition for review.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the U.S. Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in

title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:

_____
William D. Spencer
Clerk of the Board

Washington, D.C.